# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 14-802V
Filed: May 22, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LAURA HALEY, | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | Dismissal decision; failure to prosecute |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Laura Haley, Pensacola, FL, petitioner (pro se).
Adriana R. Teitel, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On September 2, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), 42 U.S.C. §§ 300aa-10-34 (2006), alleging that the influenza ("flu") vaccine she received on September 23, 2011, either caused her to develop vaccine-induced systemic lupus erythematous ("SLE"), lupus with central nervous system involvement, and neuropsychiatric lupus, or significantly aggravated these conditions.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The initial telephonic status conference was held on October 7, 2014.   Respondent filed her Rule 4(c) Report on December 8, 2014, in which she stated respondent did not find the case appropriate for compensation under the Act.

A telephonic status conference was held on December 17, 2015, during which petitioner's former counsel requested time to attempt to secure an expert report or discuss dismissal with his client.   The undersigned ordered petitioner to file a status report by January 16, 2015, stating whether petitioner had found an expert, was willing to dismiss her claim, or wished to continue with her claim as a *pro se* petitioner.

According to petitioner's counsel's status report dated February 13, 2015, petitioner did not answer her phone for a scheduled telephone call with her counsel on January 5, 2015, nor did she reply to her counsel's email.   She contacted her counsel's office on January 12, 2015, and rescheduled the call for January 13, 2015.   During the call on January 13, 2015, petitioner told her counsel that she needed additional time to make her final decision.

Petitioner filed a motion for extension of time on January 16, 2015, requesting an additional two weeks for petitioner to determine how to proceed with her claim.   This motion was granted on January 20, 2015.

On January 22, 2015, petitioner's counsel contacted petitioner and scheduled a call with her for the following day.   Stat. Rep., Feb. 13, 2015, ECF No. 16.   Petitioner's counsel was unable to reach her on January 23, 29, and 30 by either phone or email.   Petitioner's counsel sent a certified letter to petitioner on January 30, 2015.

Petitioner filed a second motion for extension of time on January 30, 2015, requesting an additional two weeks to determine how to proceed.   Petitioner's counsel reported he had reached out to petitioner via telephone, email, and certified mail and had been unable to reach her.   The undersigned granted petitioner's motion on January 30, 2015, and ordered petitioner to file a status report by February 13, 2015.

On February 10, 2015, petitioner's counsel received notification that the certified letter was signed for by someone other than petitioner.   Petitioner's counsel was unable to contact petitioner on February 10, although he did speak with her father who said he would relay the message.   Petitioner's counsel again attempted to contact petitioner on February 12.

On February 18, 2015, petitioner's counsel filed a Motion to Withdraw as Attorney of Record.   After interim attorneys' fees were resolved, petitioner's counsel's Motion to Withdraw was granted on March 13, 2015.

Between February 18, 2015, and March 13, 2015, the undersigned's law clerk attempted to contact petitioner by phone and left a voicemail message.   In a March 13, 2015 Order, the

undersigned ordered petitioner to contact her chambers by March 27, 2015.   This Order was sent to petitioner by mail and email.

The undersigned's law clerk attempted to phone petitioner on April 15, 2015, and left a voicemail message.   She also attempted to contact petitioner via email.

The undersigned issued an Order to Show Cause why the case should not be dismissed for failure to prosecute on April 22, 2015.   Petitioner was ordered to contact the undersigned's law clerk by May 6, 2015.   This Order was sent to petitioner via certified mail.   The tracking information from the U.S. Postal Service shows that petitioner did not pick up the letter.   The undersigned's law clerk emailed the Order to petitioner on May 14, 2015, and directed her to contact chambers by May 20, 2015, or her case would be dismissed.   The undersigned's law clerk also attempted to reach petitioner by phone on May 19 and 20, 2015, and left a voicemail message.

To date, the undersigned's chambers has received no communication from petitioner. Accordingly, this case is **DISMISSED** for failure to prosecute.

## DISCUSSION

Under Rule 41(b) of the Rules of the United States Claims Court, "the court may dismiss a case on its own motion, '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . .'" Tsekouras v. Sec'v of HHS, 26 Cl. Ct. 439, 442 (Fed. Cl. 1992) (quoting Claude E. Atkins Enterprises, Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990)). Petitioner failed to respond to the court's many attempts to contact her and to the undersigned's April 22, 2015 Order to Show Cause.

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'v of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418F.3d at l278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

3

Petitioner did not file an expert report in support of her allegations. The Vaccine Act does not permit the undersigned to rule in favor of petitioner based solely on her allegations, unsupported by medical records or medical opinion.   42 U.S.C. § 300aa-13(a)(1).

This petition is hereby **DISMISSED** for failure to prosecute.

## CONCLUSION

Petitioner's petition is **DISMISSED**.   In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>May 22, 2015</u>                                                  <u>s/ Laura D. Millman</u>
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

4